HERBERT SELIG, PROSECUTOR, v. THE FIREMEN'S AND POLICEMEN'S PENSION FUND COMMISSION OF THE CITY OF JERSEY CITY, RESPONDENT.

Submitted October 5, 1937—Decided January 8, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Stephen P. Piga.*

For the respondent, *James A. Hamill* and *Frank J. McCarthy.*

BODINE, J. This writ brings up for review respondent's determination that the prosecutor did not suffer permanent disability by reason of injuries which he sustained when he was thrown from the tiller seat of a fire truck on its way to a fire. Prosecutor claims permanent disability consisting of loss of hearing in the right ear, impairment of hearing in the left ear, impairment of sight and injuries to his head causing dizziness. The commission found that by the weight of evidence, the disabilities complained of were not now shown to be of a permanent nature.

It is not necessary to here review at length all of the medical testimony. That which was testified to by Dr. Norton and Dr. Londrigan indicates not only their views but the views expressed by others called in behalf of the city. The former said: "I examined Selig and my impression is that he is now suffering from a post-traumatic neurosis relative to his fall of November, 1935, and that while I do not think that he is now able to do regular fire duty, I think an assignment of light duty for a while will serve a very definite function of helping him to find confidence in himself, and that after a period of about six months his condition could be more definitely and more closely analyzed." And Dr. Londrigan said: "At the present time he would be unable to do any duties of a fireman, but some light occupation would help this man bring back confidence in himself that he could be taught to adapt himself to this disability and that he would eventually be able to perform the duties of a fireman."

There is no doubt from the proofs examined that the prosecutor suffered a very serious injury—a fractured skull. But by the clear weight of evidence, his injuries appear not to be permanent. Recovery is retarded by an unwillingness to follow the advice of the eminent physicians at the Jersey City Medical Center. Prosecutor refuses to try to perform light duty which the physicians are confident would restore him to health so that he could perform the duties of a regular fireman.

Prosecutor having failed before the commission to show permanent disability is not now entitled to retirement under

the Pension act as amended, *Pamph. L.* 1920, *p.* 324; *Pamph. L.* 1935, *p.* 405, and as construed in *Simmons* v. *Policemen's Pension Commission of Deal,* 111 *N. J. L.* 134.

The writ will be dismissed.